## KINNEY v. UNITED STATES.

### No. 49691.

United States Court of Claims.

Jan. 13, 1953.

George J. Ditchie, Chicago, Ill., for plaintiff.

LeRoy Southmayd, Jr., Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

JONES, Chief Judge.

Plaintiff sues for $100 per month additional pay for the period September 1, 1947 to August 26, 1948, under the provisions of the Army-Navy-Public Health Service Medical Officer Procurement Act of August 5, 1947, 61 Stat. 776.

Plaintiff had been inducted as a private into the Army of the United States on December 15, 1942. During his service he was given training in the Army Specialized Training Program for dentists. He was honorably discharged September 15, 1944. After his discharge he completed his education at Loyola University School of Dentistry in Chicago, Illinois, receiving a Doctor of Dental Surgery degree on September 22, 1945.

Plaintiff applied for a commission in the Dental Corps of the Army of the United States and on August 6, 1946 was commissioned a first lieutenant. He was ordered to report to Brooke Army Medical Center, Fort Sam Houston, Texas, for temporary duty effective September 17, 1946, prior to assignment to a permanent post.

On November 18, 1946 plaintiff executed a Category VIII Classification indicating his election to continue on extended active duty for a period of 24 months. He was serving in that capacity at the time of the passage of the act under which he claims, and which became effective September 1, 1947.

At the time of the passage of the act the armed services and the Public Health Service were experiencing great difficulty in securing and retaining an adequate number of physicians, surgeons and dentists. The purpose of the bill was to alleviate the shortage by offering as an inducement a salary increase of $100 per month to those who would comply with its terms.

In order for plaintiff to qualify for the additional incentive pay of $100 per month as a commissioned officer he must bring himself within the following provisions of the act to which reference is made above:

"Sec. 1A. (a) * * * (3) such officers, now or hereafter commissioned in the Medical and Dental Corps of the Officers' Reserve Corps, the Naval Reserve, the National Guard, the Army of the United States, or as medical and dental officers of the Reserve Corps of the Public Health Service, who may, during the five-year period immediately

following the effective date of this section, volunteer and be accepted for extended active duty of one year or longer".

The plaintiff on September 15, 1947, made application for the additional compensation of $100 per month stating again that he wished to remain on active duty until November 1948. This application was denied. The Department of the Army on October 14, 1947, issued Technical Bulletin No. 14–501–6 wherein it was stated that in order to qualify for the additional compensation of $100 "volunteer officers must volunteer and be accepted for extended active duty for 1 year or more subsequent to the passage of the act."

Army Circular No. 27, dated February 3, 1948, stated that its purpose was to clarify the status of officers serving in civilian components of the Army. It established periods that these officers might choose to serve and classified the elective categories as follows:

Category I    1 year
Category II   2 years
Category III  3 years
Category V    Officers desiring relief from active duty at the earliest opportunity.

Paragraph 7C, Department of the Army Circular No. 27, contained the following provision:

"Commanders will obtain from officers currently serving under Category I, who are qualified in Category III, but who do not desire to sign a new Category III statement, a Certificate to that effect which will be forwarded to the Adjutant General, Attention: AGPO–S–C, to reach that office not later than 30 April 1948. Such officers will be placed in Category V and will be separated from the service in accordance with paragraph 8."

On March 26, 1948 the plaintiff signed a certificate reading as follows:

"Under provisions of paragraph 7C, Department of the Army Circular No. 27, 1948, I certify that I am currently serving under Category I and although qualified for Category III under provisions of DA Circular 27, 1948, I do not elect to sign a Category III statement. I understand fully that this action automatically places me in Category V and that I will be separated from the service when considered eligible by the Surgeon General, Department of the Army."

Plaintiff was released from active duty in the Army on July 28, 1948.

It will be noted that the incentive pay was to be made, *inter alia,* to medical and dental officers of the Army of the United States and of the Reserve Corps of the Public Health Service who may, during the five-year period immediately following the effective date of the act, volunteer and be accepted for extended active duty for one year or longer.

The plaintiff earnestly contends that he meets the terms of the act.

True, plaintiff had volunteered for two years' service and was accepted, but this was prior to the effective date of the act which offered the inducement bonus.

Plaintiff also contends that the fact that he offered to complete his service which had been volunteered prior to the passage of the act and which had more than one year to run following the passage of the act, and that he reaffirmed this offer subsequent to the passage of the act, and the fact that he continued to serve for more than 10 months subsequent to the passage of the act constitutes an acceptance on the part of the defendant.

The fact remains, however, that this service was a part of the previous contract with the Government and he was paid the regular compensation for the period of his volunteer service. He did not volunteer for any extended service and he did not actually serve one year after the passage of the incentive act.

Plaintiff claims that it is unfair to pay the dental officers who volunteered prior to the passage of the incentive act but whose services extended beyond its effective date only the regular pay, when other officers of the same rank serving a part of the same period

were being paid not only the regular pay but a $100 per month bonus.

This does appear to be somewhat unusual but the direct offer was made by the Government to have such officers who had volunteered prior to the passage of the act continue in the service for a more extended period or permit them to be discharged at the convenience of the Government.

Plaintiff chose not to serve any extended period and permitted himself to be placed in Category V, and he was actually released before he had served one year subsequent to the passage of the incentive act.

We regret the necessity of reaching this conclusion. It is not ours to reason why the Congress saw fit to make a distinction between dental officers of the Regular Army and those in other branches of the service. It is our province only to interpret the statute as enacted and to find the intent of the Congress as expressed in its terms. The statute, as we see it, is as clear as the English language can make it.

The petition is dismissed.

HOWELL, MADDEN, WHITAKER and LITTLETON, JJ., concur.